IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal Action No. 1:10-cr-341** |
| v. | : | |
| | : | **(Chief Judge Kane)** |
| SETH WILLIAMS, | : | |
| Defendant | : | |

## MEMORANDUM

On December 1, 2010, a grand jury returned a four count indictment against Defendant

Seth Williams charging Defendant with: (1) distribution and possession with intent to distribute

crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) in Count 1; (2) possession

of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 941(c)(1)(A)(i)

in Count 2; (3) possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) in Count

3; and (4) being an unlawful user of a controlled substance in possession of a firearm in violation

of 18 U.S.C. § 922(g)(3) in Count 4.  (Doc. No. 1.)  Defendant entered a plea of not guilty on

December 3, 2010.  (Doc. No. 10.)  On June 23, 2011, Defendant filed a motion to suppress

evidence.  (Doc. No. 57.)  The Court held a hearing on the motion on October 27, 2011, and on

October 31, 2011.  Following the hearing, Defendant filed a supplemental brief on November 16,

2011 (Doc. No. 86), and the United States filed a supplemental response on November 29, 2011

(Doc. No. 87).  The motion is now ripe for disposition.  For the reasons stated more fully herein,

the Court will deny Defendant's motion to suppress the evidence uncovered at his apartment.

## I.      BACKGROUND

On October 5, 2010, in response to reports of a possible burglary in progress, the Swatara

Township Police Department dispatched units to 229 Francis L. Cadden Parkway, Apartment

204, Harrisburg, Pennsylvania. (Doc. No. 57-1, Ex. A.) Upon arrival, the responding officers

saw a masked person dragging a female toward the front door of the apartment. (Id.) The police

made contact with the individuals inside the apartment, and they agreed to come out. (Id.) Four

individuals were removed from the apartment, including Defendant who was found with his arms

and legs bound with duct tape. (Id.)

Patrolman Ashley Wilt submitted an affidavit of probable cause in which she stated that

after the four individuals were removed from the apartment without incident, she conducted "a

cursory search of the apartment for other occupants." (Doc. No. 57-1, Ex. B.) She stated that

after entering the living room and master bedroom she detected the odor of fresh marijuana.

(Id.) She further stated that she found "a wad of money wrapped in rubber bands" on a couch.

(Id.) Based on the odor of marijuana, Patrolman Wilt sought a search warrant to conduct a

search of the apartment. (Id.) A warrant was issued, and the search resulted in the discovery of,

inter alia, suspected marijuana, suspected cocaine, three firearms, and ammunition. (Id.)

## II. STANDARD OF REVIEW

"The proponent of a motion to suppress bears the burden of establishing that his Fourth

Amendment rights were violated." United States v. Correa, 653 F.3d 187, 190 (3d Cir. 2011)

(citing Rakas v. Illinois, 439 U.S. 128, 132 n.1 (1978); United States v. Stearn, 597 F.3d 540,

551 (3d Cir. 2010)). The applicable standard of proof is the preponderance of the evidence

standard. United States v. Matlock, 415 U.S. 164, 178 n.14 (1974). Where the search in

question was conducted pursuant to a warrant, the reviewing court is to uphold the warrant

where there is a "substantial basis" for the finding of probable cause. United States v. Hodge,

246 F.3d 301, 305 (3d Cir. 2001).

### III.   DISCUSSION

Defendant moves to suppress the evidence obtained during the search of 229 Francis L.

Cadden Parkway, Apartment 204, Harrisburg, Pennsylvania.  In Defendant's initial motion he

argued that the affidavit of probable cause used to obtain the search warrant was defective

because: (1) the affidavit relied on evidence obtained as a result of an unlawful search; and (2)

the affidavit of probable cause contained false and misleading statements.  Following the

hearing, the Court granted Defendant leave to file a supplemental brief on the issue of whether

the Court should suppress the evidence because the warrant did not satisfy the Pennsylvania rule

against nighttime searches.  The Court will consider these three arguments seriatim.

### A.   Warrantless Protective Sweep

Defendant first challenges the protective sweep of the apartment performed by Patrolman

Wilt without a warrant.  Specifically, Defendant argues, "if the Court excluded the information

from the unlawful 'cursory search' of the apartment, there would be no basis for the Magistrate

to make a probable cause determination.  This cursory search was done without a warrant and

without exception to the warrant requirement."  (Doc. No. 58 at 6.)  This challenge is wholly

without merit.

The Supreme Court defines a "protective sweep" as "quick and limited search of

premises, incident to an arrest and conducted to protect the safety of police officers or others."

Maryland v. Buie, 494 U.S. 325, 327 (1990).  The protective sweep is confined to "a cursory

visual inspection of those places in which a person might be hiding" and may be conducted

without a warrant.  Id.  An officer may conduct a protective sweep without a warrant in those

circumstances where the searching officers possess "a reasonable belief based on specific and

articulable facts which, taken together with the rational inferences from those facts, reasonably warranted the officer in believing that the area swept harbored an individual posing a danger to the officer or others." Id. (citing Michigan v. Long, 463 U.S. 1032, 1049-50 (1983)).

Given the facts at issue here, the Court must conclude that Patrolman Wilt conducted a lawful protective sweep of the apartment. Officers were called to the scene based on a reported robbery in progress. When they arrived, the officers saw a man in a ski mask pulling a woman into an apartment. The police secured four individuals from the apartment, including Defendant whom police found bound with duct tape in the master bedroom. In light of these facts, it was eminently reasonable for Patrolman Wilt to conduct a protective sweep of the apartment to ensure that no other individuals were inside. Indeed, in circumstances such as this, it would have been decidedly unreasonable and irresponsible to simply assume, without conducting a cursory sweep, that the "coast was clear." Accordingly, the initial protective sweep during which Patrolman Wilt claims to have smelled a fresh odor of marijuana did not run afoul of the Fourth Amendment.

**B.      Misleading Statements in Affidavit of Probable Cause**

Defendant next seeks to suppress the evidence obtained at his apartment on the basis that Patrolman Wilt "skewed the facts to mislead the Magistrate" in her affidavit of probable cause. (Doc. No. 58 at 6.) A search warrant may be invalidated where a defendant proves by a preponderance of the evidence that the affiant included a false statement in the affidavit of probable cause, either knowingly and intentionally or with reckless disregard for the truth, and that without the false statement the affidavit is insufficient to establish probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

In his briefing, however, Defendant does not identify a single misleading statement in Patrolman Wilt's affidavit of probable cause. Instead, Defendant notes that the October 5, 2010 affidavit prepared by Patrolman Wilt to obtain a search warrant of the apartment is different from an October 12, 2010 affidavit prepared by Detective Christopher Everett to obtain a search warrant for two cellular phones found near the crime scene. Defendant does not identify any contradictions between the affidavits; indeed, there are none. Rather, Defendant appears to argue that because Detective Everett provided different facts to support a finding of probable cause to search a cell phone than Patrolman Wilt provided to support a finding of probable cause to search an apartment, that Patrolman Wilt's affidavit is ipso facto invalid. This argument must fail.

In the hearing on the motion to suppress and in his supplemental briefing, Defendant presents a more compelling argument. Defendant contends that given the limited amount of marijuana exposed to the air, Patrolman Wilt could not have smelled "fresh marijuana" when she conducted the protective sweep of the apartment. At the hearing, the Court heard testimony from Patrolman Wilt and also examined the marijuana the police officers recovered from the scene. The Court agrees with Defendant that the police did not uncover a large quantity of marijuana from Defendant's apartment. The Court cannot find, however, that the limited amount of marijuana undermines the credibility of Patrolman Wilt's testimony that, as an experienced police officer, she was indeed able to detect the odor of fresh marijuana in the apartment. Accordingly, because the Court believes that Patrolman Wilt did detect the odor of fresh marijuana in Defendant's apartment, and because Defendant has failed to identify any other allegedly false or misleading statements in the affidavit of probable cause, the Court cannot

suppress the evidence recovered from Defendant's apartment on this basis.

### C. Nighttime Search

Finally, Defendant contends that the evidence obtained as a result of the search of the

apartment must be suppressed because the search violated Pennsylvania's rule against nighttime

searches. Specifically, Defendant contends that pursuant to Rule 203 of the Pennsylvania Rules

of Criminal Procedure, Officer Wilt was required to show reasonable cause for a nighttime

search in her affidavit of probable cause. Pa. R. Crim. P. 203(E); Pa. R. Crim. P. 206(7). A

nighttime search in Pennsylvania is defined as a search conducted between 10 p.m. and 6 a.m.

Pa. R. Crim. P. 206(7). In the present matter, the search began at approximately 5:29 a.m. and

continued until approximately 7:20 a.m. (Doc. No. 57-1 at 7.) Accordingly, under Pennsylvania

law, the rules governing a nighttime search would have applied to the search of Defendant's

apartment. That the search was a "nighttime search" within the meaning of Pennsylvania law,

however, does not end the analysis. Even if the Court were to agree that the search violated

Pennsylvania law, a federal court does not suppress evidence uncovered by state officials due to

a violation of state law. Rather, federal courts only suppress such evidence where it constitutes a

violation of the Fourth Amendment.[1]  United States v. Stiver, 9 F.3d 298, 300 (3d Cir. 1993)

---

[1] It bears noting that Rule 41 of the Federal Rule of Civil Procedure includes a nighttime search rule that is nearly identical to the Pennsylvania nighttime search rule. Compare Fed. R. Crim. P. 41(e)(2)(A)(ii), with Pa. R. Crim. P. 206(7). Because no federal officers were involved in the search, however, the federal nighttime search rule does not govern the warrant either. See, e.g., United States v. Kelley, 652 F.3d 915, 917 (8th Cir. 2011) (declining to apply the Arkansas and federal nighttime search rules because no federal officials were involved in the search and the evidence was being used in federal court).

Further, the Court is unconvinced that Pennsylvania law would support suppression in this circumstance. Although the warrant does not explicitly articulate reasons why a search could not wait until daylight, the magistrate authorized a nighttime search. (Doc. No. 57-1 at 4-5.) The warrant was executed approximately thirty-one minutes prior to "daylight," when the

(evidence obtained in accordance with federal law is admissible in federal court even though it

was obtained by state officers in violation of state law); United States v. Bedford, 519 F.2d 650,

654 (3d Cir. 1975) (concluding that when reviewing the admissibility of evidence obtained by

state officials, the proper analysis to be applied is "whether the fourth amendment's imperatives

have been observed").

In the present matter, Defendant provides no reason to conclude that the search violated

the Fourth Amendment's prohibition on unreasonable searches and seizures.  Rather, he appears

to rely solely on the alleged violation of Rule 206(7) of the Pennsylvania Rules of Civil

Procedure as the basis for suppression.  As previously noted, the search in question was

conducted pursuant to a warrant supported by probable cause and explicitly authorizing a

nighttime search of the apartment in question.  Police were at the apartment because they were

responding to a call regarding a burglary at the apartment.  After witnessing an apparent

abduction of some kind at the apartment, the police removed all occupants from the apartment,

including Defendant who was recovered bound by duct tape.  The police then conducted a sweep

---

Pennsylvania and federal rules would not have required an additional showing.  (Doc. No. 57-1
at 7.)  And there is no suggestion that Defendant suffered prejudice as a result of the search.
Accordingly, to the extent the Rule 206(7) was violated, the violation was a mere technical
violation not warranting suppression.  See Commonwealth v. Camperson, 650 A.2d 65, 71 (Pa.
Super. Ct. 1994) (concluding that "[t]he violation of the [nighttime search] rule, if any, was
technical" and declining to suppress evidence where the search was conducted at 10:30 p.m. and
a nighttime search was authorized by the issuing authority but no reason was given for
conducting the search between the hours of 10 p.m. and 6 a.m.); Commonwealth v. Mason, 490
A.2d 421, 426 (Pa. 1985) (holding suppression for violation of the Pennsylvania Rules of
Criminal Procedure was only proper where the violation implicates fundamental constitutional
concerns, is done in bad faith, or where the defendant is substantially prejudiced by the
violation); see also United States v. Hall, 505 F.2d 961, 964 (3d Cir. 1974) (requiring
suppression for a Rule 41 violation only where the violation causes prejudice such that it
"offends concepts of fundamental fairness or due process").

of the apartment, during which Patrolman Wilt detected the smell of marijuana, to ensure no

individuals were present.  Accordingly, when the search was conducted, police knew that no

individual was inside the apartment who would be disturbed by the search,[2] police had witnessed

at least one crime take place at the apartment, and the police had probable cause to believe

evidence of further criminal activity would be uncovered at the apartment.  In the absence of any

argument to the contrary, the Court cannot conclude that the Fourth Amendment required the

police to wait thirty-one minutes to execute the warrant.  See, e.g., United States v. Harris, 324

F.3d 602, 606 (8th Cir. 2003) (finding that the Fourth Amendment was not violated by a

nighttime search in violation of the federal rule against nighttime searches and affirming the

district court's decision to not suppress the evidence found as a result of that search); United

States v. Searp, 586 F.2d 1117, 1122 (6th Cir. 1978) (concluding a nighttime search in violation

of the federal rule against nighttime searches did not violate the Fourth Amendment); see also

United States v. McMillion, No. 1:08-cr-0205, 2011 U.S. Dist. LEXIS 7, *10 (M.D. Pa. Jan. 3,

2011) (denying a motion to suppress evidence based on the Pennsylvania and federal rules

against nighttime searches because the a violation of these rules does not require suppression

---

   [2] Although Defendant's whereabouts at the commencement of the search are unclear,
Patrolman Wilt testified that after Defendant refused consent to search his apartment officers
remained at the scene to ensure that no one entered the apartment.  There is some evidence to
suggest that Defendant was in a patrol car when the search commenced.  Patrolman Wilt further
testified that when she began the search the individuals who had come out of the apartment were
handcuffed in patrol cars outside the apartment.  It is not clear whether that testimony refers to
Defendant or only to the individuals who were allegedly robbing Defendant, although the Court
notes that when Patrolman Wilt requested that another officer transport Defendant to the police
station at approximately 6:10 a.m., the officer found him "already handcuffed to the rear,"
presumably of a patrol car.  Ultimately, whether Defendant was in a patrol car or not, the Court
is satisfied that Defendant was not prejudiced by the fact that the search began at 5:29 a.m. rather
than at 6:00 a.m.

where there is no suggestion of prejudice).

In sum, the search in question at worst amounted to a technical violation of a state rule by a state law enforcement officer.  Such violations, standing alone, will not justify suppression of evidence in a federal court.  Rather, Defendant must show that the search in question violated the Fourth Amendment's prohibition on unreasonable searches and seizures.  Defendant has failed to make any arguments independent of the claimed state procedural violation that would support such a finding.  The Court is satisfied that the search, which was conducted pursuant to probable cause and a warrant at a home the police knew to be empty at 5:29 a.m., does not offend the Fourth Amendment.  Accordingly, the Court cannot grant the motion to suppress on this basis.

## IV.  CONCLUSION

The Court finds there is no basis for suppressing the evidence uncovered following the search of Defendant's home.  The initial warrantless sweep was a lawful and reasonable protective sweep, conducted in an effort to ensure no other individuals were in the apartment. Further, the Court finds credible Patrolman Wilt's testimony that she smelled the odor of fresh marijuana when she conducted the protective sweep.  Because the Court believes Patrolman Wilt smelled the odor of marijuana, the Court is satisfied that the warrant to search the apartment was supported by probable cause.  Finally, although the search at 5:29 a.m. may have constituted a technical violation of Pennsylvania's rule against nighttime searches, the search of the unoccupied apartment, which was supported by a warrant and probable cause and explicitly authorized the police to conduct a nighttime search, did not run afoul of the Fourth Amendment.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal Action No. 1:10-cr-341** |
| v. | : | |
| | : | **(Chief Judge Kane)** |
| SETH WILLIAMS, | : | |
|     Defendant | : | |

## ORDER

NOW, on this 19th day of January 2012, **IT IS HEREBY ORDERED THAT**

Defendant's motion to suppress (Doc. No. 57) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania